## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LAURIE D. ZALEUKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-2856 PLC |
| | ) | |
| ARCHDIOCESE OF ST. LOUIS, | ) | **JURY TRIAL DEMANDED** |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT ASSUMPTION CATHOLIC CHURCH-O'FALLON

COMES NOW Defendant Assumption Catholic Church-O'Fallon, and for its Answer to Plaintiff Laurie D. Zaleuke's Amended Complaint, states as follows:

### Jurisdiction and Venue

1.      Paragraph 1 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

2.      Paragraph 2 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

3.      Paragraph 3 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

4.      Paragraph 4 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

5.      Paragraph 5 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

**Parties**

6.      Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 6 and therefore denies them.

7.      Defendant admits the allegations in Paragraph 7.

8.      Defendant admits the allegations in Paragraph 8.

**Facts**

9.      Defendant restates and incorporates each of the above responses to the allegations as if fully set forth herein.

10.     Defendant admits that Plaintiff was employed at Assumption Catholic Church-O'Fallon, but denies all other allegations in Paragraph 10.

11.     Defendant admits that Reverend Monsignor Jerome Billings is the registered agent. The remainder of the allegations in Paragraph 11 are legal conclusions to which no response is required.

12.     Defendant denies the vague statement that the Archdiocese "governs and oversees the operation" of various Catholic churches, and their respective schools throughout the greater St. Louis area.

13.     Defendant denies the allegations in Paragraph 13.

14.     Paragraph 14 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

15.     The filing referenced in Paragraph 15 speaks for itself and Defendant denies any allegations inconsistent therewith.

16.     The filings referenced in Paragraph 16 speak for themselves and Defendant denies any allegations inconsistent therewith.

17.     The notice referenced in Paragraph 17 speaks for itself and Defendant denies any allegation inconsistent therewith.

18.     The notice referenced in Paragraph 18 speaks for itself and Defendant denies any allegation inconsistent therewith.

19.     Defendant admits the allegations in Paragraph 19.

20.     Defendant admits the allegations in Paragraph 20.

21.     Defendant admits that Fr. Doyen supervised employees at Assumption Parish, but denies all other allegations in Paragraph 21.

22.     Defendant admits the allegations set forth in Paragraph 22.

23.     Defendant admits the allegations set forth in Paragraph 23.

24.     Defendant denies the allegations set forth in Paragraph 24.

25.     Defendant denies the allegations set forth in Paragraph 25.

26.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 26 and therefore denies them.

27.     Defendant denies the allegations set forth in Paragraph 27.

28.     Defendant denies the allegations set forth in Paragraph 28.

29.     Defendant denies the allegations set forth in Paragraph 29.

30.     Defendant denies the allegations set forth in Paragraph 30.

31.     Defendant denies the allegations set forth in Paragraph 31.

32.     Defendant denies the allegations set forth in Paragraph 32.

33.     Defendant denies the allegations set forth in Paragraph 33.

34.     Defendant denies the allegations set forth in Paragraph 34.

35.     Defendant denies the allegations set forth in Paragraph 35.

36.     Defendant denies the allegations set forth in Paragraph 36.

37.     Defendant denies the allegations set forth in Paragraph 37.

38.     Defendant denies the allegations set forth in Paragraph 38.

39.     Defendant denies the allegations set forth in Paragraph 39.

40.     Defendant denies the allegations set forth in Paragraph 40.

41.     Defendant denies the allegations set forth in Paragraph 41.

42.     Defendant denies the allegations set forth in Paragraph 42.

43.     Defendant denies the allegations set forth in Paragraph 43.

44.     Defendant denies the allegations set forth in Paragraph 44.

45.     Defendant denies the allegations set forth in Paragraph 45.

46.     Defendant denies the allegations set forth in Paragraph 46.

47.     Defendant denies the allegations set forth in Paragraph 47.

48.     Defendant denies the allegations set forth in Paragraph 48.

49.     Defendant admits that Plaintiff submitted a letter of resignation on February 2, 2018, but denies all other allegations in Paragraph 49.

50.     Defendant denies the allegations set forth in Paragraph 50.

51.     Defendant denies the allegations set forth in Paragraph 51.

52.     Defendant denies the allegations set forth in Paragraph 52.

53.     Defendant denies the allegations set forth in Paragraph 53.

54.     Defendant denies the allegations set forth in Paragraph 54.

55.     Defendant denies the allegations set forth in Paragraph 55.

56.     Defendant denies the allegations set forth in Paragraph 56.

57.     Defendant denies the allegations set forth in Paragraph 57.

## Count I

58.     Defendant restates and incorporates each of the above responses to the allegations as if fully set forth herein.

59.     Defendant denies the allegations set forth in Paragraph 59.

60.     Defendant denies the allegations set forth in Paragraph 60.

61.     Defendant denies the allegations set forth in Paragraph 61.

62.     Defendant denies the allegations set forth in Paragraph 62.

63.     Defendant denies the allegations set forth in Paragraph 63.

64.     Paragraph 64 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

65.     Defendant denies the allegations set forth in Paragraph 65.

66.     Defendant denies the allegations set forth in Paragraph 66.

67.     Defendant denies the allegations set forth in Paragraph 67.

## Count II

68.     Defendant restates and incorporates each of the above allegations as if fully set forth herein.

69.     Defendant denies the allegations set forth in Paragraph 69.

70.     Defendant denies the allegations set forth in Paragraph 70.

71.     Defendant denies the allegations set forth in Paragraph 71.

72.     Defendant denies the allegations set forth in Paragraph 72.

73.     Defendant denies the allegations set forth in Paragraph 73.

## Count III

74.     Defendant restates and incorporates each of the above responses to the allegations as if fully set forth herein.

75.     Paragraph 75 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

76.     The statute referenced in Paragraph 76 speaks for itself and Defendant denies any allegation inconsistent therewith.

77.     Paragraph 77 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

78.     Paragraph 78 asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

79.     Defendant denies the allegations set forth in Paragraph 79.

80.     Defendant denies the allegations set forth in Paragraph 80.

81.     Defendant denies the allegations set forth in Paragraph 81.

82.     Defendant denies the allegations set forth in Paragraph 82.

83.     Defendant denies the allegations set forth in Paragraph 83.

84.     Defendant denies the allegations set forth in Paragraph 84.

85.     Defendant denies the allegations set forth in Paragraph 85.

## **AFFIRMATIVE DEFENSES**

In further response to the Amended Complaint, Defendant states and alleges as follows:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred by the First Amendment Free Exercise Clause, in that they impermissibly impinge upon the church's autonomy by requiring evaluation of its internal religious policies and doctrine.

3.      Plaintiff's claims are barred under the ministerial exception to Title VII, in that Defendant is a religious entity possessing the freedom to select those who will carry out its mission.

4.      Plaintiff's claims are barred because Plaintiff did not exhaust all administrative remedies.

5.      Some or all of Plaintiff's claims are barred because no tangible adverse employment action was taken against the Plaintiff.

6.      Plaintiff's claims are barred because Defendant exercised reasonable care to prevent improper behavior and, even if any improper behavior did occur (which Defendant expressly denies), Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided or to otherwise avoid harm.

7.      Upon information and belief, Plaintiff has failed to mitigate any damages she may have experienced, if any.

8.      Defendant hereby gives notice that it will rely upon such other affirmative defenses as may come apparent during the course of discovery in this action.  Defendant states that its investigation of this matter is continuing.

Respectfully submitted,

CARMODY MacDONALD P.C.

By: _/s/ *Ryann C. Carmody*_
      Gerard T. Carmody, #24769MO
      Ryann C. Carmody, #56831MO
      Ryan M. Prsha, #70307MO
      120 South Central Avenue, Suite 1800
      St. Louis, Missouri 63105
      (314) 854-8600 Telephone
      (314) 854-8660 Facsimile
      gtc@carmodymacdonald.com
      rcc@carmodymacdonald.com
      rmp@carmodymacdonald.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 7th day of July 2020, the forgoing was served on all parties by operation of this Court's Electronic Filing System.

/s/ *Ryann C. Carmody*